**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604
Argued January 21, 2016
Decided September 14, 2016

Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 15-1036<br><br>TIMOTHY BELL,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>EUGENE MCADORY, *et al.,*<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Central District of Illinois.<br><br>No. 12-3138-CSB-DGB<br>Colin S. Bruce, *Judge.* |

**Order**

Our opinion of last April directed the district court to treat post-judgment papers that Timothy Bell had filed there as a motion under Fed. R. App. P. 4(a)(5) for additional time to appeal. The district judge now has done so and, in an order dated September 6, has found that Bell lacks excusable neglect or good cause for not filing a timely appeal.

Our review of such a decision is deferential, see *Pioneer Investment Services Co. v. Brunswick Associates LP*, 507 U.S. 380 (1993), and we do not see any problem in the district court's disposition. The judge stressed that his order on the merits had itself informed Bell that he must appeal within 30 days of "the entry of judgment", so that even if imprisoned litigants are apt to misunderstand the Appellate Rules, Bell knew the deadline. His contention that another inmate had told him that time is calculated from a decision's receipt in the prison, rather than its entry in the district court, cannot justify disregarding information provided directly by the court. Bell's delay therefore lacks a good cause and cannot be attributed "excusable" neglect. Accordingly, we dismiss Bell's appeal for lack of appellate jurisdiction.